## STATE OF VERMONT *v.* PETER NICHOLS.

### *Scire Facias.   Recognizance.   Criminal Law.*

The respondent in a criminal proceeding having been adjudged guilty, fined by a magistrate, and taken an appeal on entering into a recognizance with surety, conditioned to prosecute his appeal to effect, and pay all costs, fines, and forfeitures that might be awarded against him, &c., not appearing on the case being called in the county court, and the surety not producing him on being called, the recognizance may properly be adjudged forfeited, and that judgment is conclusive upon the surety in a *scire facias* brought to enforce it.

SCIRE FACIAS against a surety on a recognizance in a criminal proceeding, (a liquor prosecution). The case was tried on general demurrer to the declaration, at the September term, 1869, PECK, J., presiding. The court decided the declaration sufficient, and chancered the bonds to the amount of the sentence and costs, to which the defendant excepted.

The substance of the declaration and facts is stated in the opinion of the court.

*J. A. Vail*, for the defendant.

*M. E. Smilie*, for the State.

The opinion of the court was delivered by

PIERPOINT, C. J. This case is based upon a recognizance entered into by the defendant, as surety for one Robert Nichols, who had been prosecuted before a magistrate, in a criminal proceeding, found guilty, and fined ; from that judgment he appealed, and thereupon the recognizance was entered into, conditioned that the said Robert should prosecute his said appeal to effect, and pay all costs, fines, and forfeitures that might be awarded against him, &c. The case was entered in the county court; by whom it was brought up, does not appear. When the case was called in the county court, the respondent did not appear, either in person or by attorney ; the present defendant, as his surety, was then called,

to have him in court, and save himself from his recognizance ; this the defendant failed to do ; thereupon the court adjudged the recognizance forfeited. This suit was then brought on the recognizance, and the case comes here upon a demurrer to the declaration. The facts above stated are duly set out in the declaration, and are admitted by the demurrer.

It is now insisted that there could be no forfeiture of the recognizance, until the government had obtained a judgment in that proceeding against the respondent, which he had failed to pay. This we think is not correct. It was incumbent upon the respondent to take the case into the county court, and appear there to answer to it, by plea or otherwise, either in person or by attorney. Until he does this, he cannot be said to have prosecuted his appeal to effect. It does not appear in this case that the respondent in that case did any act whatever in respect to it, after the appeal was taken and the recognizance entered into. This being so, there was an entire failure to prosecute the appeal, and the recognizance was properly adjudged forfeited.

Again, the county court having duly adjudged the recognizance forfeited, that judgment would seem to be conclusive upon the defendant, in a proceeding of this kind brought to enforce it.

Judgment of the county court affirmed.